Elizabeth Ann Naylor and Ronald Stephen Owens
11440 N. 69th Street
Scottsdale, Arizona 85254
*Debtors in Pro Se*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:
ELIZABETH ANN NAYLOR and
RONALD STEPHEN OWENS,
                Debtors

Case No. 2:26-bk-05144-MCW
Chapter 11
Honorable Madeleine C. Wanslee

**DEBTORS' MOTION FOR EXTENSION OF TIME TO FILE
SCHEDULES AND ALL OTHER REQUIRED DOCUMENTS**

Elizabeth Ann Naylor and Ronald Stephen Owens, Debtors and Debtors in Possession herein ("Debtors"), appearing pro se, respectfully move this Court pursuant to Federal Rule of Bankruptcy Procedure 1007(c) and the inherent authority of this Court for an extension of time to file their schedules of assets and liabilities, schedules of current income and expenditures, statement of financial affairs, Declaration of Debtor with No Attorney, and all other documents currently due on June 5, 2026. Debtors request an extension to and including June 26, 2026. In support thereof, Debtors state as follows:

**I.  JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding. Venue is proper under 28 U.S.C. § 1408. Debtors are operating as Debtors in Possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

**II.  BACKGROUND**

2. On May 22, 2026, Debtors filed a voluntary Chapter 11 petition on an emergency basis, without counsel, to preserve the automatic stay under 11 U.S.C. § 362(a) and prevent the non-judicial foreclosure sale of their primary residence at 11440 N. 69th Street, Scottsdale, Arizona 85254 (the "Property"), which was scheduled to proceed on May 26, 2026. The petition was filed in good faith and for no purpose other than the protection of Debtors' home.

3. Debtor Ronald Stephen Owens is eighty (80) years of age. He has had Parkinson's disease for twenty-five (25) years, a cancer diagnosis, and serious heart disease. The Property is adapted to accommodate Mr. Owens's medical needs and to support the provision of his ongoing care at home. Its loss would deprive a disabled man of a medically adapted home in which he receives daily care. Debtor Elizabeth Ann Naylor, age sixty-nine (69), is Mr. Owens's wife and full-time caregiver. An adult daughter with autism also resides at the Property.

4. From March 2026 forward, Debtors worked extensively with an attorney toward the filing of a Chapter 11 petition if one became necessary. On May 21, 2026 — the day before the petition was filed — Debtors received assurances from that attorney that a petition would be filed on their behalf the following morning, and the parties spent multiple hours that day in substantive preparation of the documents that would accompany the filing. On the morning of May 22, 2026, Debtors were informed that counsel would not be proceeding with the filing. With the foreclosure sale four days away and no alternative available, Debtors filed the petition themselves that morning.

5. Because the petition was filed on an emergency basis without counsel, it was submitted as a skeleton filing. The following documents are presently due June 5, 2026: the schedules, the statement of financial affairs, the Declaration of Debtor with No Attorney (Docket

No. 17), and all other documents required by Fed. R. Bankr. P. 1007(b). Debtors seek a 21-day extension to file all of these documents.

6. Since filing the petition, Debtors have been engaged in daily consultations with prospective bankruptcy counsel. In the week following the filing, Debtors had anticipated immediately engaging an attorney and were in active discussions toward that end, but determined that the complexity of this case warranted interviewing additional prospective counsel before committing to representation. That deliberate approach reflects the significance of the decision, not an absence of effort. Debtors anticipate formalizing retention within the coming week. They intend to file the Required Documents completely and accurately, in full compliance with the Bankruptcy Code and this Court's requirements. The filing of this Motion is itself evidence of that intent.

### III. LEGAL STANDARD

7. Federal Rule of Bankruptcy Procedure 1007(c) authorizes this Court to extend the fourteen-day deadline for filing the Required Documents "for cause." Cause under Rule 1007(c) is assessed in light of the totality of the circumstances. Courts in the Ninth Circuit grant such extensions freely when the petition was filed on an emergency basis, when the debtor lacks legal representation through no fault of their own, or when the debtor's health or circumstances render compliance within the default period impracticable. All of those circumstances are present here.

### IV. ARGUMENT

**A. Compelling Cause Exists Under Rule 1007(c).**

8. The fourteen-day period provided by Rule 1007(c) contemplates that a Chapter 11 debtor has the assistance of legal counsel in preparing the Required Documents. Without counsel, a debtor must independently identify and value all assets, compile and classify all

liabilities across secured, priority, and general unsecured categories, document all income and expense streams, and complete a statement of financial affairs — documents that attorneys and their professional staff routinely require substantial time and judgment to prepare accurately. That task is made more demanding here by the composition of the estate: the first mortgage is held through a private-label securitization trust that has been the subject of loss-mitigation proceedings since early 2025; the estate carries a second lien and unsecured obligations. Debtors are committed to filing schedules that are thorough, accurate, and complete. The extension they seek is the time that responsible preparation requires.

**B. Title II of the Americans with Disabilities Act Independently Supports This Relief.**

9. As a public entity subject to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, this Court is required to make reasonable modifications to its rules and procedures to avoid discrimination against individuals with disabilities. Tennessee v. Lane, 541 U.S. 509, 533-34 (2004). Debtor Ronald Stephen Owens's advanced Parkinson's disease, cancer, and heart disease constitute physical impairments substantially limiting major life activities within the meaning of 42 U.S.C. § 12102. A 21-day extension of the filing deadline, to allow a disabled debtor and his co-debtor wife and caregiver to participate meaningfully in their own bankruptcy case, is a modest and plainly reasonable modification. 28 C.F.R. § 35.130(b)(7). This ground is stated as an independent basis for relief.

**C. No Party Will Be Prejudiced.**

10. No creditor or party in interest will be prejudiced by this extension. This case is at its earliest stage; no plan has been proposed, no confirmation hearing is scheduled, and no party has taken any action in reliance on the June 5 deadline. Filing by June 26 affords the Office of the United States Trustee and all creditors four days to review the Required Documents before the

June 30 meeting of creditors. The extension requested is precisely calibrated to serve the interests of all parties and the orderly administration of this estate.

## V. PRAYER FOR RELIEF

11. Debtors respectfully pray that this Court enter an Order:

(a) Granting this Motion;

(b) Extending the deadline to file all schedules, the statement of financial affairs, the Declaration of Debtor with No Attorney (Docket No. 17), and all other documents required by Fed. R. Bankr. P. 1007(b) from June 5, 2026 to and including June 26, 2026;

(c) Considering this Motion without a hearing or on an expedited basis given the proximity of the current deadline; and

(d) Granting such other and further relief as this Court deems just and proper.

**VERIFICATION**

We, Elizabeth Ann Naylor and Ronald Stephen Owens, Debtors and Debtors in Possession in the above-captioned proceeding, verify and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained in the foregoing Motion are true and correct to the best of our knowledge, information, and belief.

Executed this 3rd day of June, 2026, at Scottsdale, Arizona.

/s/      Elizabeth Ann Naylor
ELIZABETH ANN NAYLOR
*Pro Se*
11440 N. 69th Street
Scottsdale, Arizona 85254

/s/      Ronald Stephen Owens
RONALD STEPHEN OWENS
*Pro Se*
11440 N. 69th Street
Scottsdale, Arizona 85254

COPY of the foregoing mailed
June 3, 2026 to:

Jennifer A. Giaimo, Trial Attorney
Office of the United States Trustee
230 N. 1st Avenue, Suite 204
Phoenix, Arizona 85003

Leonard J. McDonald / Mark S. Bosco, Tiffany & Bosco, P.A.
1850 N. Central Avenue, 24th Floor
Phoenix, Arizona 85004
*Attorneys for Alliant Credit Union*

By: Elizabeth Ann Naylor and Ronald Stephen Owens