Elizabeth Ann Naylor and Ronald Stephen Owens
11440 N. 69th Street
Scottsdale, Arizona 85254
*Debtors in Pro Se*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:
ELIZABETH ANN NAYLOR and
RONALD STEPHEN OWENS,
　　　　　　　　　Debtors

Case No. 2:26-bk-05144-MCW
Chapter 11
Honorable Madeleine C. Wanslee

**DEBTORS' MOTION FOR EXPEDITED HEARING ON EMERGENCY MOTION TO
EXTEND AUTOMATIC STAY PURSUANT TO LOCAL RULE 9013-1(i)**

Debtors Elizabeth Ann Naylor and Ronald Stephen Owens, appearing pro se as Debtors-in-Possession, move this Court pursuant to Local Rule 9013-1(i) and Judge Wanslee's Procedures Section 2.3 for an expedited hearing on the concurrently filed Emergency Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) (the "Stay Motion"). In support, Debtors state as follows:

1. The automatic stay in this Chapter 11 case will terminate by operation of 11 U.S.C. § 362(c)(3)(A) on June 21, 2026 — the 30th day after the filing of the petition on May 22, 2026 — absent a Court order extending it before that date. The statute requires that the hearing be completed before that date. There is no opportunity to cure a failure to hold a timely hearing, and no other procedural mechanism to preserve the stay.

2. A Trustee's Sale of Debtors' primary residence at 11440 N. 69th Street, Scottsdale, Arizona 85254 has been scheduled for July 28, 2026 (Instrument No. 20260099842). If the

automatic stay terminates on June 21, 2026, that sale may proceed without further Court action. Once a Trustee's Sale is completed, the loss of the Property cannot be remedied.

3. The basis for expedited treatment is statutory and non-discretionary: 11 U.S.C. § 362(c)(3)(B) requires the hearing to be completed before June 21, 2026. While Debtors recognize that the Court must set the hearing before that date, they respectfully request that the Court set the hearing on the latest practicable date within the available window so as to afford Debtors the maximum opportunity to retain bankruptcy counsel before the hearing. Counsel's participation would serve the interests of all parties — including the Court and opposing counsel — by ensuring a more complete and orderly presentation of the issues. A response deadline for creditors and the United States Trustee of not less than three (3) business days before the hearing is requested.

4. This Motion was not filed contemporaneously with the petition on May 22, 2026. Debtors were at that time in the process of retaining bankruptcy counsel and anticipated having representation in place before the stay expiration deadline. Despite diligent efforts, Debtors have been unable to retain counsel on the timeline required. This Motion is filed pro se solely because the June 21 deadline does not permit further delay. Debtors have no intention of proceeding through this Chapter 11 case without counsel and are actively interviewing attorneys.

5. Pursuant to Judge Wanslee's Procedures Section 2.6.1, Debtors concurrently file a Motion for Authorization to Appear by Videoconference. Ronald Stephen Owens is eighty years old, has lived with Parkinson's disease for twenty-five years, has survived four separate bouts of cancer, carries a current cancer diagnosis, and has serious heart disease. In-person travel to the courthouse is not practicable given his condition and constitutes a significant hardship

within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, which prohibits public entities — including federal courts — from excluding qualified individuals with disabilities from participating in their programs and services. Elizabeth Ann Naylor, age sixty-nine, is Mr. Owens's caregiver and provides his daily medical care, medication management, and physical assistance around the clock. Both Debtors are fully capable of participating meaningfully by ZoomGov videoconference. Authorizing remote appearance is the reasonable accommodation that Title II and the Court's own videoconference procedures contemplate for exactly these circumstances.

6. A proposed form of order granting this Motion, with blanks for the Court to complete, is uploaded concurrently herewith pursuant to Judge Wanslee's Procedures Section 2.3.

Respectfully submitted,

Dated: June 6, 2026

/s/  Ronald Stephen Owens
RONALD STEPHEN OWENS
*Pro Se*
11440 N 69th Street
Scottsdale, AZ 85254

/s/  Elizabeth Ann Naylor
ELIZABETH ANN NAYLOR
*Pro Se*
11440 N 69th Street
Scottsdale, AZ 85254

# CERTIFICATE OF SERVICE

This is to certify that on this 6th day of June, 2026, a copy of the foregoing was served via first class mail upon the following:

Jennifer A. Giaimo, Esq.
Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

Shellie Labell, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorneys for U.S. Bank Trust Company, N.A., as Trustee for COLT 2024-3
13010 Morris Road, Suite 450
Alpharetta, GA 30004

Leonard J. McDonald, Esq.
Tiffany & Bosco, P.A.
Attorneys for Alliant Credit Union
1850 N. Central Avenue, 24th Floor
Phoenix, AZ 85004

*By:*
/s/  Ronald Stephen Owens
RONALD STEPHEN OWENS
*Pro Se*
11440 N 69th Street
Scottsdale, AZ 85254

/s/  Elizabeth Ann Naylor
ELIZABETH ANN NAYLOR
Debtor-in-Possession, Pro Se
11440 N 69th Street
Scottsdale, AZ 85254