Elizabeth Ann Naylor and Ronald Stephen Owens
11440 N. 69th Street
Scottsdale, Arizona 85254
*Debtors in Pro Se*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:
ELIZABETH ANN NAYLOR and
RONALD STEPHEN OWENS,
                    Debtors

Case No. 2:26-bk-05144-MCW
Chapter 11
Honorable Madeleine C. Wanslee

**DEBTORS' MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO 11 U.S.C.
§ 1112(b)(1) AND RELATED RELIEF**

Debtors Elizabeth Ann Naylor and Ronald Stephen Owens, appearing pro se, respectfully move this Court for entry of an order voluntarily dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1). Debtors respectfully request that the Court rule on this Motion on the papers without a hearing. Debtors further request that the Court vacate the § 341 meeting of creditors set for June 30, 2026, vacate the rescheduled Initial Debtor Interview set for July 1, 2026 at 9:00 a.m., and hold in abeyance the amended schedules deadline of June 26, 2026 and the United States Trustee's compliance document production deadline of June 25, 2026, pending disposition of this Motion. In support of this Motion, Debtors state as follows:

**I. Procedural Background**

1. Debtors filed their voluntary petition under Chapter 11 on May 22, 2026, four days before a scheduled non-judicial trustee's sale of their primary residence. The

petition was filed pro se on an emergency basis after the attorney who had been preparing the filing with Debtors since March was unable to proceed.

2. On June 3, 2026, Debtors filed a Motion to Extend Time to File Schedules and Statements (Doc. #27), requesting an extension to June 26, 2026 within which to file complete and accurate amended schedules.

3. On June 8, 2026, Debtors filed an Emergency Motion to Continue the Section 362(a) Stay (Doc. #32). On June 11, 2026, the United States Trustee filed an Objection (Doc. #37). Alliant Credit Union filed an Objection (Doc. #46) on June 16, 2026, which Alliant withdrew the following day (Doc. #52, June 17, 2026). The first lienholder, U.S. Bank Trust Company, National Association, as Trustee for COLT 2024-3 Mortgage Loan Trust, appeared through counsel by Request for Notice (Doc. #31) but filed no objection. No secured creditor has an active objection pending. On June 17, 2026, Debtors filed a Reply (Doc. #51) to the United States Trustee's Objection.

4. On June 18, 2026, the Court held a hearing on Debtors' Emergency Motion to Continue the Section 362(a) Stay. The Court continued the hearing to July 1, 2026 at 2:00 p.m. and imposed a temporary stay under 11 U.S.C. § 105 through the continued hearing date. At that hearing, Debtors represented that they had contacted twenty-one bankruptcy firms and attorneys regarding representation, had identified one attorney willing to take the case, and required third-party funding for the post-petition retainer.

5. On June 18, 2026, the United States Trustee's office rescheduled the Initial Debtor Interview to Wednesday, July 1, 2026 at 9:00 a.m. and set a deadline of Thursday, June 25, 2026 by close of business for the production of Chapter 11 compliance documents.

6. Since the June 18 hearing, Debtors have continued their efforts to retain counsel. Despite extensive outreach, no retention has been effectuated. The structural inability to administer this Chapter 11 case pro se has been confirmed across every consultation Debtors have undertaken.

**II. Grounds for Voluntary Dismissal**

7. 11 U.S.C. § 1112(b)(1) authorizes the Court to dismiss a Chapter 11 case for cause, on request of a party in interest, after notice and a hearing. Debtors seek dismissal in good faith on the ground that, despite extensive and continuing efforts, they have been unable to obtain Chapter 11 counsel. Inability to obtain counsel sufficient to administer the fiduciary responsibilities of a Chapter 11 debtor-in-possession constitutes cause for dismissal.

8. Throughout the pendency of this case, Debtors have consulted with more than twenty-five bankruptcy attorneys and law firms regarding representation. The outreach has been extensive and is contemporaneously documented in Debtors' electronic mail records, copies of which Debtors will make available for in camera review by the Court or for separate production to the United States Trustee upon request. The substance of those consultations has been uniform on one central point: every attorney with whom Debtors have substantively consulted has advised

that an individual Chapter 11 case is not something that two elderly debtors-in-possession can competently undertake pro se, and that retained Chapter 11 counsel is necessary to administer the responsibilities of a debtor-in-possession. The inability of these Debtors to administer this case without counsel is not a matter of preference. It is the considered view of the bankruptcy bar with whom Debtors have consulted, and Debtors themselves do not know how to undertake the responsibilities of Chapter 11 administration without legal representation.

9. Debtor Ronald Stephen Owens is eighty years of age. He has lived with Parkinson's disease for twenty-five years, carries a cancer diagnosis, and has serious heart disease. Debtor Elizabeth Ann Naylor, age sixty-nine, is his wife and caregiver. These circumstances are documented in Debtors' prior filings and remain unchanged. The demands of pro se Chapter 11 administration — preparation of comprehensive amended schedules and statements of financial affairs, the § 341 meeting of creditors, the Initial Debtor Interview, monthly operating reports, periodic reports regarding entity interests, disclosure statement, plan preparation, and contested confirmation proceedings — exceed what Debtors can competently undertake without legal representation given their circumstances and the demands of caring for a seriously ill spouse.

10. Debtors have also explored available reduced-fee and pro bono resources, including bankruptcy self-help resources to which they have been directed. Those resources are not structured to support Chapter 11 administration, which is the substantive issue.

11. Voluntary dismissal at this early stage of the case is in the best interests of creditors and the estate. No plan has been filed. No claims bar date has passed. No significant administrative expenses have accrued. No secured creditor has an active objection pending: the first lienholder filed only a Request for Notice and never objected to the case; the second lienholder filed an objection and withdrew it within twenty-four hours. The only active objector is the United States Trustee, whose institutional interest is in the administration of the case rather than in any particular outcome. Debtors are not aware of any creditor that has invested resources in this case in a manner that would be prejudiced by dismissal.

12. Conversion to Chapter 7 is not in the best interests of the estate. Debtors' assets consist primarily of a principal residence encumbered by liens that exceed fair market value and exempt retirement income. There are no substantial unencumbered assets available for liquidation by a Chapter 7 trustee. The administrative costs of Chapter 7 administration would not be justified by any meaningful distribution to unsecured creditors. Dismissal, not conversion, is the appropriate disposition under § 1112(b)(1).

## III. Request for Ruling on the Papers Without a Hearing

13. Debtors respectfully request that the Court rule on this Motion on the papers without a hearing. Voluntary dismissal motions are routinely granted on the papers in this district when the relief sought is non-controversial and where, as here, no creditor has objected to the procedural posture of dismissal. Ruling on the papers conserves the resources of the Court, the United States Trustee, and the Debtors,

and permits prompt disposition before the administrative milestones identified below.

14. In the alternative, and only in the event the Court determines that a hearing is required, Debtors respectfully request that the Court's Section 105 temporary stay continue and any administrative milestones be held in abeyance pending the Court's ruling.

**IV. Request to Vacate the June 30, 2026 § 341 Meeting and the July 1, 2026 Initial Debtor Interview**

15. The § 341 meeting of creditors is currently scheduled for June 30, 2026. The rescheduled Initial Debtor Interview is scheduled for July 1, 2026 at 9:00 a.m. — five hours before the continued hearing on the Emergency Motion to Continue the Stay at 2:00 p.m. that same date. Both proceedings serve to develop the record in an active Chapter 11 case. Where, as here, Debtors are seeking voluntary dismissal of the case for cause and have requested ruling on the papers, requiring Debtors to appear at the § 341 meeting and the Initial Debtor Interview before the dismissal motion is determined serves no constructive purpose and would burden Debtors, the Chapter 11 case administrator, and the United States Trustee's office with proceedings whose substance turns on a case posture that is being voluntarily concluded.

16. Debtors respectfully request that the Court vacate the June 30, 2026 § 341 meeting and the July 1, 2026 Initial Debtor Interview pending disposition of this Motion.

**V. Request to Hold the Amended Schedules Deadline and United States Trustee Compliance Production Deadline in Abeyance**

17. The amended schedules deadline of June 26, 2026 and the United States Trustee's compliance document production deadline of June 25, 2026 each contemplate the preparation of comprehensive submissions that, in the ordinary course of a Chapter 11 case, are prepared with the assistance of counsel.

18. Debtors do not have the legal expertise to prepare these submissions competently without retained counsel. The structural inability to administer this case pro se that supports voluntary dismissal is the same structural inability that applies to the preparation of these submissions.

19. Debtors respectfully request that the Court hold both deadlines in abeyance pending disposition of this Motion.

**VI. Form of Dismissal Requested**

20. Debtors respectfully request that the order of dismissal provide that the dismissal is without prejudice; that the Court's Section 105 temporary stay imposed on June 18, 2026 remain in effect through entry of the dismissal order; and that any unpaid filing fee balance and any quarterly United States Trustee fees that may be due be paid in due course.

**VII. Conclusion**

Voluntary dismissal at this stage is brought in good faith and is based on the structural inability — confirmed by every bankruptcy attorney with whom Debtors have

consulted, and notwithstanding extensive and continuing efforts to obtain representation — for two elderly pro se debtors to administer a Chapter 11 case competently.

WHEREFORE, Debtors respectfully request that the Court enter an order:

(a) granting this Motion;

(b) dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1) without prejudice;

(c) ruling on this Motion on the papers without a hearing;

(d) vacating the June 30, 2026 § 341 meeting of creditors and the July 1, 2026 Initial Debtor Interview;

(e) holding in abeyance the amended schedules deadline of June 26, 2026 and the United States Trustee's compliance document production deadline of June 25, 2026 pending disposition of this Motion;

(f) continuing the Court's Section 105 temporary stay through entry of the dismissal order; and

(g) granting such other and further relief as the Court deems just and proper.

Debtors declare under penalty of perjury that the factual statements made in this Motion are true and correct to the best of their knowledge, information, and belief.

**DATED this 24th day of June, 2026.**

Respectfully submitted,

/s/     Elizabeth Ann Naylor               /s/     Ronald Stephen Owens
Elizabeth Ann Naylor                      Ronald Stephen Owens
Debtor-in-Possession, Pro Se           Debtor-in-Possession, Pro Se