ILENE J. LASHINSKY (AZ #3073)
United States Trustee
District of Arizona

JENNIFER A. GIAIMO (NY #2520005)
Trial Attorney
230 North First Ave., Suite 204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2617
Email: Jennifer.A.Giaimo@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ELIZABETH ANN NAYLOR and | ) Case No. 2:26-bk-05144-MCW |
| RONALD STEPHEN OWENS, | ) |
| | ) UNITED STATES TRUSTEE'S |
| Debtors. | ) LIMITED OBJECTION TO DEBTORS' |
| | ) MOTION TO DISMISS |
| | ) |
| _____ | ) |

The United States Trustee ("UST"), by and through the undersigned counsel, files this

Limited Objection to the *Motion for Voluntary Dismissal Pursuant to 11 U.S.C. § 1112(b)(1)*

*and Related Relief (the "Motion to Dismiss")* filed by debtors, Elizabeth Ann Naylor and Ronald

Stephen Owens ("Debtors"), and respectfully shows the following:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The UST does not oppose dismissal of this Chapter 11 case. The UST objects only to the

Debtors' request that the dismissal be ordered "without prejudice." For the reasons and based on

the evidence set forth in the UST's Objection to the Emergency Motion to Extend Automatic

Stay (hereinafter "UST's Stay Objection") (Docket #37), which is incorporated herein by

reference, the record establishes that this case was filed in bad faith.  Consequently, the UST requests that the case be dismissed with prejudice to refiling for one year.

## I.

## <u>Background</u>

Debtors filed their voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. ("Code"), on May 22, 2026, just four days before a scheduled trustee's sale of their residence. *See Docket #1*.  Debtors previously filed a voluntary petition under Chapter 13 of the Code on August 14, 2025, under case number 2:25-bk-07596-PS (the "Chapter 13").  That Chapter 13 was dismissed on January 26, 2026, less than four months before this case was filed, based on the Debtors' failure to comply with the recommendations of the Chapter 13 Trustee with respect to their Chapter 13 Plan, including failure to file and produce tax documents and failure to cure arrearages in Plan payments. *See Case No. 2:25-bk-07596-PS, Docket #33*.

On June 8, 2026, the Debtors filed their Emergency Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B). *See Docket #32*.  On June 11, the UST filed her Stay Objection. *See Docket #37*.  The UST's Stay Objection set forth evidence establishing that this case was filed in bad faith.  A hearing on the Debtors' motion and UST's objection was held on June 18, 2026, at which time the Court temporarily extended the stay and continued the matter until July 1, 2026. *See Docket #60*.  On June 24, 2026, the Debtors filed their Motion to Dismiss seeking dismissal of this case without prejudice.  The UST objects to dismissal without prejudice for the reasons set forth below.

Case 2:26-bk-05144-MCW    Doc 61    Filed 06/26/26    Entered 06/26/26 12:42:43    Desc
Main Document      Page 2 of 6

## II.

## Dismissal with Prejudice Based on Bad Faith

The UST agrees that this case should be dismissed. The narrow issue presented is whether the case should be dismissed with prejudice. The Debtors ask the Court to dismiss the case without prejudice, which would leave them free to file yet another petition the moment a new trustee's sale is scheduled and to yet again invoke the automatic stay to prevent creditors from pursuing their collection efforts. In light of the Debtors' history, as outlined in the UST's Stay Objection, dismissal without prejudice would reward, rather than discourage, exactly the conduct that bad-faith doctrine and Code section 362(c)(3) are designed to deter. A one-year bar to refiling is a reasonable remedy that protects creditors and the integrity of the bankruptcy process without permanently foreclosing the Debtors' access to bankruptcy relief if a genuine need later arises.

## III.

## The Court Has Authority to Dismiss With Prejudice to Refiling for One Year

Code section 349(a) provides that the dismissal of a case does not prejudice the debtor with regard to a subsequent filing "*[u]nless the court, for cause, orders otherwise.*" 11 U.S.C. § 349(a) (emphasis added). "The phrase '[u]nless the court, for cause, orders otherwise' in Section 349(a) authorizes the bankruptcy court to dismiss the case with prejudice." *In re Leavitt,* 171 F.3d 1219, 1223 (9th Cir. 1999). Bad faith is cause for dismissal with prejudice. *Id.* at 1224.

The UST addressed each of the factors required to find bad faith in her Stay Objection. Those same factors constitute cause for dismissal with prejudice. *Id.* Specifically, (1) the Debtors made numerous misrepresentations in their pleadings in this case and in the Chapter 13; (2) the history of the Debtors' filings and prior dismissal show a complete disregard of their

basic obligations as bankruptcy debtors, including failing to file and produce tax returns and failing to cure substantial plan payment arrearages; (3) the sole purpose of this bankruptcy filing was to halt an imminent foreclosure sale; and (4) the Debtors demonstrated egregious behavior, including failing to appear at a scheduled Initial Debtor Interview ("IDI") in this case and failing to produce to the UST standard documents required of all Chapter 11 debtors. Notably, because the Debtors have failed to produce the required IDI documents, it is unknown whether the Debtors are properly safeguarding their assets with appropriate insurance.

In the recent case of *In re Corben*, 667 B.R. 791 (Bankr. S.D.N.Y. 2025), the court confirmed that the bankruptcy court has authority to dismiss a bad faith case with prejudice. In considering whether dismissal with prejudice is permissible, the *Corben* court cited the Second Circuit Court of Appeals decision in *In re Casse,* 198 F.3d 327 (2d Cir. 1999), which held that "the Bankruptcy Code authorizes bankruptcy courts to dismiss bankruptcies filed in bad faith 'with prejudice,' that is, with a bar on future filings beyond the 180-day period contemplated by Code § 109(g)." *Id.* at 796. The *Corben* court further pointed out that "a number of courts have joined *Casse* in recognizing the bankruptcy courts' power to dismiss bad faith bankruptcy cases with prejudice. *See, e.g., Landis v. Ortega (In re Ortega)*, 2011 WL 10723285, at *6 (Bankr. E.D. Cal. 2011) ("Bad faith is cause for dismissal with prejudice under section 349(a)"); *In re Rusher*, 283 B.R. 544, 548 (Bankr. W.D. Mo. 2002) ("Sections 105(a) and 349(a) can be used conjunctively to enjoin a serial filer from filing yet another bankruptcy petition for a period of time in excess of 180 days."); *see also* ABI Report at 68 ("it has become somewhat common for courts to enter orders of dismissal 'with prejudice,' prohibiting the filing of a new bankruptcy case for longer than the 180-day period specified in section 109(g).")." *Id.* at 797.

The Debtors cannot avoid a with-prejudice condition merely by being the ones to ask for dismissal. The *Corben* court addressed and rejected precisely that argument, holding that "[w]hile the [d]ebtor does have an unfettered right to dismiss her bankruptcy, she does not have the right to evade the consequences of her bad faith filing." *Id.* at 801.

WHEREFORE, the UST respectfully requests that the Court enter an order dismissing this case with prejudice to the refiling of any bankruptcy case by the Debtors for a period of one year and granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of June, 2026.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ JAG (NY #2520005)

_____
JENNIFER A. GIAIMO
Trial Attorney

Case 2:26-bk-05144-MCW    Doc 61    Filed 06/26/26    Entered 06/26/26 12:42:43    Desc
Main Document      Page 5 of 6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 26, 2026, a copy of the foregoing pleading was served on the Debtors by email at the following email addresses:

Elizabeth Ann Naylor
11440 North 69th Street
Scottsdale, AZ 85254
elizabeth@lizmaxinvestments.com

Ronald Stephen Owens
11440 North 69th Street
Scottsdale, AZ 85254
ronnsowens@gmail.com

/s/ Jennifer A. Giaimo
_____
Jennifer A. Giaimo

Case 2:26-bk-05144-MCW    Doc 61    Filed 06/26/26    Entered 06/26/26 12:42:43    Desc
Main Document    Page 6 of 6